IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ROCCO J. LEO, as Trustee of the Estate of )<br>John David Powell, )<br>)<br>Plaintiff/Appellant, )<br>)<br>v. )<br>)<br>CLAYTON J. POWELL, et al., )<br>)<br>Defendants/Appellees. ) | CIVIL ACTION NO.05-G-1228-E<br>AP No. 03-40445 |
| )<br>In re:    John David Powell, )<br>)<br>Debtor, )<br>) | Bankruptcy No. 03-40297 |

## MEMORANDUM OPINION

This cause is before the court on appeal from an order entered by the Bankruptcy Court for the Northern District of Alabama awarding summary judgment in favor of the Appellees in Adversary Proceeding No. 04-40297. The court has jurisdiction pursuant to 28 U.S.C. §§ 158 and 1334.

### STANDARD OF REVIEW

"In reviewing a bankruptcy court judgment as an appellate court, the district court reviews the bankruptcy court's legal conclusions de novo. The district court must accept the bankruptcy court's factual findings unless they are clearly erroneous, and

give due regard to the bankruptcy court's opportunity to judge the credibility of the witnesses." In re Englander, 95 F.3d 1028, 1030 (11th Cir. 1996).

## DISCUSSION

Having considered the record and applicable law, the court is of the opinion that the factual findings and legal conclusion of the bankruptcy court were correct. The Memorandum Opinion entered by the Bankruptcy Court is hereby adopted by the court as supplemented herein.

The appellant argues that the partnership agreement gives the partners the right to have the personal property partitioned. This argument is based upon a clause in the partnership agreement that provides that neither the partners nor their successors in interest "shall have the right while this agreement remains in effect to have the partnership real estate partitioned . . . ." Appellant asserts that this clause, by virtue of the maxim of statutory construction *expressio unius est exclusio alterius*, gives the partners the right to a partition of the personal property of the partnership. Black's Dictionary contains the following definition:

> A canon of construction holding that to express or include one thing implies the exclusion of the other, or of the alternative. For example, the rule that "each citizen is entitled to vote" implies that noncitizens are not entitled to vote.
>
> "Several Latin maxims masquerade as rules of interpretation while doing nothing more than describing results reached by other means. The best example is probably expressio unius est exclusio alterius, which is a rather elaborate, mysterious sounding, and anachronistic way of describing the negative implication. Far from being a rule, it is not even lexicographically

> accurate, because it is simply not true, generally, that the mere express conferral of a right or privilege in one kind of situation implies the denial of the equivalent right or privilege in other kinds. Sometimes it does and sometimes it does not, and whether it does or does not depends on the particular circumstances of context. Without contextual support, therefore, there is not even a mild presumption here. Accordingly, the maxim is at best a description, after the fact, of what the court has discovered from context." Reed Dickerson, The Interpretation and Application of Statutes 234- 35 (1975).
>
> "The canon expressio unius est exclusio alterius is ... based on the assumption of legislative omniscience, because it would make sense only if all omissions in legislative drafting were deliberate. Although this canon seemed dead for a while, it has been resurrected by the Supreme Court to provide a basis for refusing to create private remedies for certain statutory violations. Its recent disparagement by a unanimous Court [in Herman & MacLean v. Huddleston, 459 U.S. 375, 386 n.23, 103 S.Ct. 683, 690 n. 23 (1983)] puts its future in some doubt but more likely confirms that judicial use of canons of construction is opportunistic." Richard A. Posner, The Federal Courts: Crisis and Reform 282 (1985).

Black's Law Dictionary (8th ed. 2004)(accessed via Westlaw).

Appellant's invocation of this maxim is, in any event, misplaced. First, rules of construction are only resorted to in case of ambiguity in the instrument. The partnership agreement is not ambiguous. Second, application of the rule would at best lead to an interpretation that the clause itself did not prohibit partition of the partnership's personal property. The absence of a prohibition, however, is not the same thing as a positive right. As discussed by the bankruptcy court, under Alabama partnership law the individual partners have no right to force a partition of the partnership property. Nor does the absence of a prohibition in the partnership agreement.

Appellant's argument based upon the "law of the case" doctrine is also misplaced. Without question a court may reconsider and change its prior rulings as long as it retains jurisdiction of the action. <u>Vintilla v. United States</u>, 931 F.2d 1444, 1447 (11th Cir. 1991). The "law of the case" doctrine has no application prior to the entry of a final judgment. <u>Id.</u>  The bankruptcy court was free to reconsider and change its prior rulings.

An appropriate order will be entered contemporaneously herewith.

DONE and ORDERED 28 July 2005.

                                                          _____
                                                          UNITED STATES DISTRICT JUDGE
                                                                J. FOY GUIN, JR.